Eric J. Hardeman (SBN 253489)
ejhardeman@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Telephone:  (949) 851-3939
Facsimile:   (949) 553-7539

Attorneys for Defendant
Experian Information Solutions, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **B. Benedict Waters**,<br><br>        Plaintiff,<br><br>        vs.<br><br>**Juan Carlos Casas,**<br>a natural person;<br><br>**Rita L. Robinson,**<br>a natural person;<br><br>**Rickenbacker Group, Incorporated,** a California Corporation;<br><br>**Hollywood Tow Service, Incorporated,** a California Corporation;<br><br>**City of Los Angeles**, a California municipal corporation;<br><br>in their individual capacities<br><br>                Defendants | Case No.: CV-09-07696 CAS (AJW)<br><br>Related Case: CV-07-07568 CAS (AJW)<br><br>DISCOVERY MATTER<br><br>**ORDER GRANTING DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR PROTECTIVE ORDER PURSUANT TO FRCP 26(C)**<br><br>Date:        August 16, 2010<br>Time:       10:00 a.m.<br>Place:       Courtroom 690<br>Judge:      Hon. Wistrich<br>               [255 East Temple Street<br>               Los Angeles, CA 90012]<br><br>Discovery cut-off:     August 6, 2010<br>Pre-trial conference: October 18, 2010<br>Trial date:                  November 16, 2010 |

IRI-9145v1                                              - 1 -

      The Court, after considering the parties' moving and opposing papers, the arguments of counsel, and good cause appearing, hereby GRANTS Experian Information Solutions, Inc.'s ("Experian") Motion for Protective Order, and hereby ORDERS the following:

      1.    This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof. Notwithstanding any other provision of this Order, confidential material used at trial will become public absent a separate court order upon written motion and sufficient cause shown.

      2.    Experian's Administrative Reports ("Admin Reports"), Disclosure Logs, and Dispute Response Logs ("D/R Logs") shall be treated as "Confidential" by the parties, and subject to the provisions contained in paragraphs 3 through 9 of this Order.

      3.    All parties to this case shall treat as confidential, any information designated by a party as "Confidential" or "Confidential—Attorney's Eyes Only" pursuant to this order, and all transcripts and other materials that reflect or incorporate the confidential information therein. This includes Experian's documents described in Paragraph 2 of this Order, and any other information designated as "Confidential" or "Confidential—Attorney's Eyes Only" by any party to this litigation. Specifically, the parties shall proceed as follows:

      a)    Any party or non-party producing or filing the confidential documents in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential" or "Confidential - Attorney's Eyes Only." If documents were produced before the entry of this Order, which documents the producing party believes should be treated as "Confidential" or Confidential – Attorney's Eyes

1  Only," than the producing party may so designate the documents, and all receiving
2  parties will immediately thereupon make said documents as "Confidential" or
3  "Confidential – Attorney's Eyes Only" and treat them as such.
4        b)    Without written permission from the designating party or a court order
5  secured after appropriate notice to all interested persons, a party may not file in the
6  public record in this action, any papers with the Court that incorporate any
7  document designated as "Confidential" or "Confidential—Attorney's Eyes Only"
8  or other testimony or information subject to this Order.  To the extent any motions,
9  briefs, pleadings, deposition transcripts, or other papers to be filed with the Court
10  incorporate documents or information subject to this Order, the party filing shall
11  first obtain written permission from the designating party or a court order secured
12  after notice to all interested persons, and shall file them with the clerk under seal.
13  A party that seeks to file under seal any such designated material must comply with
14  Local Rule 79-5.
15        c)    Documents and information including, but not limited to, all
16  testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any
17  information designated "Confidential" or "Confidential - Attorney's Eyes Only"
18  hereunder, shall not be used, directly or indirectly, by any person (including other
19  defendants) for any business, commercial or competitive purposes or for any
20  purpose whatsoever other than solely for the preparation and trial of this action in
21  accordance with the provisions of this Order.
22        d)    Except with the prior written consent of the individual or entity
23  asserting confidential treatment, or pursuant to prior Order after notice, any
24  document, transcript or pleading marked as "Confidential" under this Order, and
25  any information contained in, or derived from any such materials (including, but
26  not limited to, all testimony, deposition or otherwise, that refers, reflects or
27  otherwise discusses any information designated confidential hereunder), may not be
28  disclosed other than in accordance with this Order and may not be disclosed to any

1  person other than: (i) the Court and its officers; (ii) parties to this litigation; (iii)
2  counsel for the parties, whether retained counsel or in-house counsel and employees
3  of counsel assigned to assist such counsel in the preparation of this litigation; (iv)
4  fact witnesses subject to a proffer to the Court or a stipulation of the parties that
5  such witnesses need to know such information; and (v) present or former
6  employees of the producing party in connection with their depositions in this action
7  (provided that no former employees shall be shown documents prepared after the
8  date of his or her departure) (vi) experts and trial consultants, and any employees
9  assigned to assist any such experts.

10         e)     Except with the prior written consent of the individual or entity
11  asserting confidential treatment, or pursuant to prior Order after notice, any
12  document, transcript or pleading marked as "Confidential - Attorney's Eyes Only"
13  under this Order, and any information contained in, or derived from any such
14  materials (including but not limited to, all deposition testimony that refers, reflects
15  or otherwise discusses any information designated confidential hereunder), may not
16  be disclosed other than in accordance with this Order and may not be disclosed to
17  any person other than requesting party's counsel of record. The information
18  contained in these materials include highly secretive trade information that may be
19  seen solely by the requesting party's counsel of record.

20         f)     Disclosure of documents designated as "Confidential" or "Confidential
21  – Attorney's Eyes Only" may not be made to anyone other than the parties, their
22  employees, the Court, and the Court's officers/representatives unless, prior to
23  disclosure, the intended recipient (a) is advised of the confidential nature of such
24  documents; (b) reads this Order; and (c) agrees in writing (i) not to disseminate or
25  disclose such documents to any person other than those described above in
26  Paragraphs 3(d) and 3(e), and for the purposes specified; (ii) not to make any other
27  use of such documents; (iii) to be bound by the terms of this Order; and (d) signs
28  the attached Declaration of Compliance.

   4. Nothing in this Order shall prevent a party from using at trial, or during depositions, any Documents, information or materials designated "Confidential" or "Confidential - Attorney's Eyes Only." ."  In deposition, all persons shown documents or materials designated "Confidential" or "Confidential – Attorney's Eyes Only" may only be shown to persons governed by this Order.  To the extent any party demonstrates an appropriate basis to protect the confidentiality of documents designated pursuant to this Order at trial, appropriate measures must be taken to protect the confidentiality of such document.

   5. The parties shall not to offer as evidence with respect to any issue in this action, the designation of, or the failure to designate any information, document, or the like as "Confidential" or "Confidential –Attorney's Eyes Only."

   6. Within sixty (60) days after the final termination of this litigation, all documents, transcripts and other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same.  This paragraph does not apply to documents filed or otherwise submitted to the Court or its officers/representatives.

   7. With the exception of the documents described in Paragraph 2 of this Order, in the event any party believes that any specific material designated as "Confidential" or "Confidential –Attorney's Eyes Only" should not be so designated, it shall give notice to the disclosing party in writing of its intent to challenge the designation of such  material.  Such notice shall be served on counsel for the disclosing party, and shall particularly identify the material that the party challenging the designation is not "Confidential" or "Confidential –Attorney's Eyes Only."  The parties shall have fourteen (14) calendar days from receipt of the written notice to meet and confer in an attempt to resolve any dispute over the proper designation of such material, and they shall attempt to resolve any challenge

in good faith on an expedited and informal basis. If the parties cannot reach agreement with fourteen (14) calendar days after receipt of the written notice of intent to challenge the designation, the party challenging the designation may then file a motion with the Court to resolve such dispute, subject to the provisions of Local Rule 37.  In the event that the party challenging the designation files such a motion, the material in issue shall continue to be treated as Confidential (or Confidential –Attorney's Eyes Only, if so designated) until the Court orders otherwise.  On any such motion, the challenging party shall have the burden of proving that the designation was improper.

8. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

9. The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice

IT IS SO ORDERED

Dated: September 15, 2010

___Andrew J. Wistrich_____<br>
Hon. Andrew Wistrich,<br>
United States Magistrate Judge

**EXHIBIT A**

DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4   I have received a copy of the Stipulated Protective order entered in this action on _____, 2010.

5. I have carefully read and understand the provisions of this Stipulated Protective order.

6. I will comply with all provisions of this Stipulated Protective order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective order in this Action.

1  I declare under penalty of perjury under the laws of the United States that the
2  following is true and correct.
3  Executed this ____ day of _____, 2010 at _____.
4
5  _____
6  QUALIFIED PERSON
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28